IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Kansas City Docket)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 07-20014-01-CM |
| | ) | |
| THOMAS J. BURKE | ) | |

GOVERNMENT'S MOTION TO DISMISS
IN THE INTEREST OF JUSTICE

**NOW INTO COURT** comes the United States of America, by and through the undersigned attorney, and respectfully moves this Honorable Court to dismiss the above captioned Indictment in the Interest of Justice due to the fact that medical reports indicate that the defendant is incompetent to stand trial and that it is unlikely that his competency will be restored in the foreseeable future.

On February 21, 2007, a grand jury sitting in the district of Kansas issued a one-count Indictment charging the defendant, Thomas J. Burke**,** with intimidating and interfering with persons obtaining reproductive health services, through physical obstruction of a clinic entrance, in violation of the Federal Access to Clinic Entrances (FACE) Act, 18 U.S.C. § 248.   The conduct which forms the basis of the Indictment occurred on April 1, 2006, at a reproductive health care facility in Overland Park, Kansas.  The defendant has a long prior history of criminal offenses in relation to that same clinic.

On May 25, 2007, this Court conducted a competency hearing pursuant to Title 18 United States Code, §§ 4241 and 4247 at which time it determined, by a preponderance of the evidence, that the defendant suffered from a mental disease or defect which rendered him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him and which impaired his ability to assist in his own defense.  This Court therefore ordered that the defendant be placed in the custody of the Attorney General for hospitalization for treatment in a suitable federal facility.

The defendant has been hospitalized since that time, and the Court, the government, and defense counsel have received regular reports regarding his condition from the Federal Medical Center (FMC) at Butner, North Carolina.  In a report submitted under cover letter dated June 27, 2008, the mental health professional at FMC opined that Mr. Burke continues to suffer from a mental disease or defect rendering him incompetent to stand trial and that the medical professionals who have evaluated him do not believe there is a substantial probability that he will be restored to competency in the foreseeable future.

This Court issued an Order on July 31, 2008, that the medical staff at FMC evaluate the defendant, pursuant to 18 U.S.C. § 4246(a) and (b), to determine whether the defendant's release would create a substantial risk of bodily injury to another person or serious damage to property of another.   In a report, submitted under cover letter dated October 20, 2008, FMC staff opined that the defendant's release would not create a substantial risk of bodily injury to another person or damage to the property of another.  The FMC staff further opined that the defendant remains incompetent to stand

trial and that it is unlikely that his competency will be restored in the foreseeable future.

The government acknowledges that the defendant has been detained or hospitalized since his initial appearance on February 28, 2007 -- a total time of 20 months.  The statutory maximum sentence that may be imposed for a second, nonviolent physical obstruction offense under the FACE statute is eighteen months

Given the defendant's continued incompetency and the other facts and circumstances surrounding this case, the government hereby moves to dismiss the case, without prejudice, in the interests of justice.  Given FMC's opinion that the defendant's release would not create a substantial risk of bodily injury to another person or serious damage to property of another, the government does not, at this time, move for his continued hospitalization

Should the defendant, after his release, engage in actions which suggest that his release does, in fact, create a substantial risk of bodily injury or serious property damage, the government reserves the right to move for his involuntary hospitalization at that time.  Moreover, the government notes that the defendant remains under permanent injunction regulating his behavior with respect to the Overland Park reproductive health care facility.  See United States v. Burke, 15 F. Supp. 2d 1090, passim (D. Kansas 1998) .  Should the defendant, after his release, engage in actions which violate the law or the 1998 injunction, the government reserves the right to take appropriate action, including moving to institute civil contempt procedures, or instituting criminal actions.

The government has consulted with defense counsel Ron Wurtz, who indicates he agrees

to the dismissal, but would like sufficient notice of the defendant's release to make arrangements for his transportation and ongoing care.

                GRACE CHUNG BECKER
                Acting Assistant Attorney General
                Civil Rights Division

                <u>S/Marietta Parker for</u>
                By:  Barbara K. Bosserman
                Trial Attorney
                Civil Rights Division
                Criminal Section

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November, 2008, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

    David J. Phillips & Ron Wurtz
    Office of Federal Public Defender
    500 State Avenue, Suite 201
    Kansas City , KS 66101
    913-551-6712
    Fax: 913-551-6562
    Email: ron_wurtz@fd.org
    Attorney for Defendant

I further certify that on this date the foregoing document and the notice of electronic filing were mailed by first-class mail to the following non-CM/ECF participants:

    None.

                <u>S/Marietta Parker for</u>
                By:  Barbara K. Bosserman
                Trial Attorney
                Civil Rights Division
                Criminal Section